IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-00319-SKC

ARNOLD URIEL TRIMINIO AVILA,

    Petitioner,

v.

KRISTI NOEM, *et al.*,

    Respondents.

---

## ORDER

---

Petitioner Arnold Uriel Triminio Avila is a 28-year-old citizen of Honduras who is currently being detained at the Aurora Contract Detention Facility. Dkt. 1, ¶1. Petitioner entered the United States on December 13, 2023, at the Hidalgo, Texas port of entry. *Id.* at ¶2; *see also* Dkt. 12, p.2. Petitioner was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5) the same day. Dkt. 12, p.2. According to Respondents, on December 13, 2023, but after Petitioner was paroled, Petitioner was issued a Notice to Appear. *Id.* at p.3. The NTA classified him as an arriving alien but placed him into full removal proceedings, not expedited. Dkt. 1, ¶2; Dkt. 12-1, p.7.

On November 12, 2024, Petitioner filed an Application for Asylum and for Withholding of Removal. Dkt. 12, p.3. On February 10, 2025, an immigration judge found Petitioner removable from the United States. *Id.* The removal order is not final,

however, because Petitioner's asylum application remains pending and is set for a hearing on March 10, 2026. *Id.* at p.4.

Petitioner was not detained during the preceding time period, and lived freely in the United States until September 27, 2025, when he was arrested by local police officers for a minor traffic-related offense. Dkt. 1, ¶3. ICE officials lodged a detainer with the jail and on September 29, 2025, and he was arrested pursuant to a warrant. Dkt. 12, pp.3–4. The warrant states it is authorized pursuant to Section 236 and 287 of the Immigration and Nationality Act. Dkt. 12-1, p.12.

Mr. Avila filed a Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order on January 27, 2026, seeking an order from this Court directing Respondents to affect his immediate release, or in the alternative, to provide him with a bond hearing. Dkt. 1; Dkt. 2. He contends he is subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a). Dkt. 1. This Court ordered Respondents[1] to respond to the Petition and show cause why it should not be granted. Dkt. 6. Respondents filed their Response on February 10, 2026. Dkt. 12. Petitioner filed exhibits in support of his Petition on the same day. Dkt. 13.

The Court has jurisdiction over this matter pursuant to Section 2241 of Title 28, which authorizes it to issue a writ of habeas corpus when a person is "in custody

---

[1] "Respondents" refers to Juan Baltazar, the Warden of the Aurora ICE Processing Center; Robert Hagan, the Director of the Denver ICE Field Office; Kristi Noem, the Secretary of the United States Department of Homeland Security; Todd Lyons, the Acting Director of ICE; and Pamela Bondi, the United States Attorney General.

2

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id.* Noncitizens may properly challenge the lawfulness of their detention through habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

The Court has considered the Petition, the Response, the various attachments, and the governing law. Because Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. For the reasons shared in the following discussion, the Court **GRANTS** the Petition.

## ANALYSIS

This case presents a similar factual issue to cases in this district and around the country regarding the proper interpretation of 8 U.S.C. §§ 1225 and 1226. This Court set forth a complete analysis of those statutes in *Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBO, 2025 WL 3718159, at *1 (D. Colo. Dec. 23, 2025). In *Hernandez*, this Court conducted a review of the governing statutes relied on by the parties and concluded that when 8 U.S.C. §§ 1225 and 1226 are read together, they "cover [noncitizens] presenting at arrival (under § 1225) and then *everybody else* (under § 1226)." *Hernandez*, 2025 WL 3718159, at *6 (citing *J.G.O. v. Francis*, No. 25-CV-7233 (AS), 2025 WL 3040142, at *4 (S.D.N.Y. Oct. 28, 2025)) (emphasis in original).

3

Respondents rely heavily on this Court's ruling in *Depelian v. Baltazar*, No. 25-cv-03765-SKC-TPO, ECF No. 18 (D. Colo. Jan. 20, 2026) to conclude that Petitioner is subject to mandatory detention under § 1225(b). *See* Dkt. 12, pp.5–8. In that case, the Petitioner presented himself at a port of entry, was classified as an "arriving alien" in the NTA, and was paroled into the country pursuant to 8 U.S.C. § 1182(d)(5). *Depelian*, ECF No. 18 at pp.1–2. This Court held that after Petitioner's parole was terminated, he returned to his status as an applicant for admission pursuant to statute, and thus, was properly detained pursuant to § 1225(b). *Id.* at pp.8–10. But Petitioner's case differs from *Depelian*, as explained below.

Respondents argue that "Petitioner's NTA terminated his parole," and according to the implementing regulations, an NTA can terminate parole. Dkt. 12, p.8; *see* 8 C.F.R. § 212.5(e)(2)(i) ("When a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified."); *see also* 8 C.F.R. § 244.1 (defining the term "charging document" to include a "Notice to Appear"). Thus, unlike in *Depelian*, Petitioner's parole pursuant to 8 U.S.C. § 1182(d)(5) was terminated the same day it was given. Then, despite terminating Petitioner's parole under § 1182(d)(5), Petitioner was paroled into the United States where he lived for almost two years before being re-detained. And paroled petitioners who go on to live in the United States have been released on their own recognizance and are subject to § 1226. *See Sidqui v. Almodovar*, No. 25-CV-9349 (VSB), 2026 WL 251929, at *10 (S.D.N.Y. Jan. 30, 2026)

4

("Petitioner's release on parole, and not the humanitarian parole in § 1182(d)(5)(A), 'constitutes strong evidence' that he was released under § 1226(a) and not under § 1225(b)."); *see also Murzi v. Noem*, No. 1:26-cv-00359-CNS, 2026 WL 395111, at *1 (D. Colo. Feb. 12, 2026). That the arrest warrant was issued subject to § 1226 and he was placed into full removal proceedings is further evidence that Respondents were treating Petitioner as subject to § 1226. Accordingly, Petitioner's continued detention pursuant to § 1225 is unlawful.[2]

This Court next considers whether to grant Petitioner immediate release or a bond hearing. "To be released on conditional parole/own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community." *Murzi*, 2026 WL 395111, at *2 (quoting *Garcia v. Andrews*, No. 1:25-cv-01006 JLT SAB, 2025 WL 2420068, at *5 (E.D. Cal. Aug. 21, 2025)). Further, Respondents do not argue that Petitioner poses a risk of flight or danger to the community. Indeed, his prior release on his own recognizance further evidences the point. Thus, immediate release is the appropriate remedy.

\*   \*   \*

---

[2] Because the Court finds Petitioner's detention violates the INA, it will not address the other arguments Petitioner made in his Petition.

5

For the reasons shared above, Arnold Uriel Triminio Avila's Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**[3] and the Court **ORDERS** as follows:

1. Mr. Avila is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and Respondents are **PERMANENTLY ENJOINED** from re-detaining him under 8 U.S.C. § 1225(b)(2)(A).

2. Respondents shall immediately release Mr. Avila from detention; however, he shall remain in Respondents' temporary custody for the sole purpose of Respondents effectuating his return back to Rock Springs, Wyoming.

3. Respondents **SHALL** transport Mr. Avila back to Rock Springs, Wyoming, at **their own expense**, within **36 hours** of the date and time of this Order.

4. To effectuate the purpose of this Court's Order and allow Mr. Avila to return home, Respondents are also temporarily enjoined from detaining Mr. Avila pursuant to 8 U.S.C. § 1226 for a period of fourteen days.

5. On or before Tuesday, February 17, 2026, Respondents shall confirm in writing Petitioner's release from custody and his return to Wyoming.

6. This Court retains jurisdiction over this matter to ensure Respondents comply with this Order.

DATED:   February 13, 2026.

   2:27:31 PM

---

[3] To the extent Petitioner's counsel seeks an award of attorney's fees, he must file a separate motion for fees that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice for this District.

BY THE COURT

_____

S. Kato Crews
United States District Judge

7